[No. 55859-5-I.    Division One.    July 31, 2006.]

RAPID SETTLEMENTS, LTD., *Appellant*, v. SYMETRA LIFE
INSURANCE COMPANY ET AL., *Respondents*.

330

*Raymond J. Dearie, Jr.* (of *Ogden Murphy Wallace, P.L.L.C.*), for appellant.

*Jerret E. Sale, Deborah L. Carstens,* and *Medora Marisseau* (of *Bullivant Houser Bailey, P.C.*), for respondents.

¶1 GROSSE, J. — Under the Washington Structured Settlement Protection Act (SSPA), chapter 19.205 RCW, the transferee shall be liable to the structured settlement obligor and the annuity issuer for reasonable attorney fees and costs arising as a consequence of the transferee's failure to comply with the SSPA. Because transferee Rapid Settlements' transfer agreement failed to comply with the SSPA, it is liable for Symetra's reasonable costs and attorney fees. We affirm.

## FACTS

¶2 On January 13, 1994, William Thompson entered into a settlement agreement to resolve a personal injury claim against an alleged tortfeasor and its insurer, American Alliance Insurance Company. Under the terms of the settlement agreement, Thompson received a lump sum payment of $35,000. Thompson would also receive from American Alliance three additional payments: $12,000 to be paid on September 13, 2000; $19,000 to be paid on September 13, 2007; and $26,683 to be paid on September 13, 2014.

¶3 American Alliance assigned its obligation to make the payments due under the settlement agreement to Safeco Assigned Benefits Service Company (SABSCO), now known as Symetra Assigned Benefits Service Company. To fulfill its obligation to make periodic payments under the settlement agreement, SABSCO purchased an annuity from Safeco Life Insurance Company, now known as Symetra Life Insurance Company.[1]

¶4 In July 2004, Thompson contacted Rapid Settlements, Ltd., regarding the transfer of one of his structured settlement payment rights for a lump sum payment. Thompson executed a transfer agreement dated August 17, 2004, under which Thompson agreed to transfer to Rapid his $26,683 future payment for a lump sum of $5,900.[2] On October 26, 2004, Rapid filed an application for approval of a transfer of structured settlement payment rights in King County Superior Court. A notice to interested parties and the petition for approval of a transfer of structured settlement payment rights were served on all interested parties on November 29, 2004.

¶5 In December 2004, Symetra filed an objection to the application for approval of structured settlement payment rights, alleging that the proposed transfer failed to meet the requirements of the SSPA. Following a hearing on Rapid's

---

[1] Symetra Assigned Benefits Service Company and Symetra Life Insurance Company are hereafter referred to collectively as Symetra.

[2] This figure represents $6,900 minus $1,000 for Rapid's attorney fees.

application, the trial court dismissed the application without prejudice.

¶6 On January 14, 2005, Symetra filed a petition for attorney fees under RCW 19.205.040(2)(b) for fees incurred "as a result of Rapid's non-compliance with the [SSPA]." Rapid opposed Symetra's motion, and on January 28, 2005, the trial court signed an order granting Symetra attorney fees in the amount of $7,927.50. Rapid appeals.

## ANALYSIS

■■■ ¶7 The issue squarely before this court is the proper interpretation of RCW 19.205.040(2)(b).

"Statutory interpretation involves questions of law that we review de novo." In construing a statute, our objective is determining the legislature's intent. " '[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.' " We discern a statutory provision's "plain meaning" from the "ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole."[3]

" 'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.' "[4]

¶8 Symetra's attorney fees claim is based on RCW 19.205.040, which states:

**Posttransfer of rights—Liabilities—Requirements.** Following a transfer of structured settlement payment rights under this chapter:

---

[3] *Nagle v. Snohomish County*, 129 Wn. App. 703, 712, 119 P.3d 914 (2005) (alteration in original) (footnotes omitted) (quoting *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005) (quoting *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)); *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 645, 62 P.3d 462 (2003)).

[4] *Prison Legal News, Inc. v. Dep't of Corr.*, 154 Wn.2d 628, 644, 115 P.3d 316 (2005) (quoting *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996)).

(1) The structured settlement obligor and the annuity issuer shall, as to all parties except the transferee, be discharged and released from any and all liability for the transferred payments;

(2) The transferee shall be liable to the structured settlement obligor and the annuity issuer;

(a) If the transfer contravenes the terms of the structured settlement, for any taxes incurred by such parties as a consequence of the transfer; and

(b) For any other liabilities or costs, including reasonable costs and attorneys' fees, arising from compliance by such parties with the order of the court or responsible administrative authority or arising as a consequence of the transferee's failure to comply with this chapter;

(3) Neither the annuity issuer nor the structured settlement obligor may be required to divide any periodic payment between the payee and any transferee or assignee or between two, or more, transferees or assignees; and

(4) Any further transfer of structured settlement payment rights by the payee may be made only after compliance with all of the requirements of this chapter.

"Transfer" as defined in the SSPA is "any sale, assignment, pledge, hypothecation or other alienation or encumbrance of structured settlement payment rights made by a payee for consideration."[5] Furthermore, under the SSPA, a "transfer of structured settlement payment rights is not effective . . . unless the transfer has been approved in advance in a final court order or order of a responsible administrative authority based on express findings" enumerated in the SSPA.[6]

¶9 Here, Rapid petitioned the trial court for a transfer of structured settlement payment rights and the court denied the petition without prejudice. The trial court awarded Symetra attorney fees under RCW 19.205-.040(2)(b) based on Rapid's failure to comply with the SSPA.

---

[5] RCW 19.205.010(18).

[6] RCW 19.205.030.

We hold that an award of attorney fees is proper in such circumstances.

¶10 Rapid argues that the predicate statutory language "[f]ollowing a transfer" means that attorney fees can be awarded only in cases where the court has approved a transfer. Rapid's reasoning is that a transfer cannot occur under the chapter unless the court approves the transfer and makes the necessary findings under RCW 19.205.030. Since the court did not approve the transfer in this case, Rapid argues that the attorney fees provision does not apply.

¶11 However, such a reading of the statute would render the attorney fees provision superfluous. For example, for a transfer to be approved by the court, the court must find that "[t]he transfer does not contravene any applicable statute."[7] If the court's finding is true and the transfer agreement is in full compliance with the SSPA upon the court's approval, it is difficult, if not impossible, to conceive of an instance where attorney fees would be awarded "arising as a consequence of the transferee's failure to comply with this chapter" *after* the court's approval of a fully-compliant transfer agreement.[8] To read the statute Rapid's way and have the attorney fee provision apply only to court-approved transfers would thus render the attorney fee provision superfluous.

¶12 Furthermore, Rapid's reading of the statute is inconsistent with RCW 19.205.060(6), which places the sole responsibility and liability for noncompliance with the provisions of RCW 19.205.020 and .030 upon the transferee. The statute states:

> Compliance with the requirements set forth in RCW 19.205-.020 and fulfillment of the conditions set forth in RCW 19-.205.030 is the sole responsibility of the transferee in any transfer of structured settlement payment rights, and neither the structured settlement obligor nor the annuity issuer bear

[7] RCW 19.205.030(3).

[8] RCW 19.205.040(2)(b).

any responsibility for, or any liability arising from, noncompliance with the requirements or failure to fulfill the conditions.[9]

This section places "the risk of noncompliance with the act with the transferee."[10]

¶13 Finally, allowing Symetra to collect attorney fees arising from Rapid's failure to comply with the SSPA in its attempt to obtain court approval for their transfer agreement is consistent with the purpose of the SSPA, which is to prevent abuses by companies that seek to purchase structured settlement payments in exchange for deeply discounted lump sum payments. Allowing for attorney fees under the circumstances of this case encourages compliance with the SSPA and protects people such as William Thompson from being exploited.

¶14 We are aware of this court's recent decision in *In re Rapid Settlements, Ltd.*;[11] however, that case did not address the issue before the court here: whether attorney fees may be awarded for successfully contesting a transfer agreement that failed to comply with the SSPA. Therefore, it does not bear on our decision.

▮ ¶15 Rapid argues the attorney fee award was duplicative, inconsistent, and unreasonable. Specifically, Rapid challenges Symetra's decision to retain counsel in Connecticut to assist them with the lawsuit in addition to the Washington lawyers who were retained to appear on its behalf. However, Rapid fails to adequately explain how this was inefficient and duplicative, other than just stating the fact that counsel was from out of state. Thus, we do not find that the trial court abused its discretion in determining the amount of the attorney fee award.

¶16 For the above reasons, we affirm the trial court's award of attorney fees. We also award Symetra attorney

---

[9] RCW 19.205.060(6).

[10] S.B. Rep. on Engrossed H.B. 1347, 57th Leg., Reg. Sess. (Wash. 2001).

[11] 133 Wn. App. 350, 136 P.3d 765 (2006).

336

fees on appeal pursuant to RCW 19.205.040(2)(b) and RAP 18.1.

COLEMAN and COX, JJ., concur.

Review denied at 160 Wn.2d 1015 (2007).