[No. 29470-6-III.   Division Three.   June 7, 2011.]

Joan Stewart, *Appellant*, v. The Department of Social and Health Services, *Respondent*.

---

*Dustin D. Deissner* (of *Van Camp & Deissner*), for appellant.

*Nicole T. Koyama*; and *Robert M. McKenna, Attorney General*, and *Amy S. Mickey, Assistant*, for respondent.

¶1 BROWN, J. — Joan Stewart appeals a superior court order affirming a day care license denial by the Department of Early Learning of the Washington State Department of Health and Social Services (Department). WAC 170-296-0450 prohibits the issuance of a day care license to an applicant with a prior license revocation. Joan Stewart had a prior license revocation based on her husband's illegal drug use in the family home before he received a

doctor's recommendation for medical use of marijuana. Ms. Stewart appeals, contending the Department lacked the authority to enact WAC 170-296-0450 and the Department's decision was arbitrary and capricious. We affirm.

## FACTS

¶2 On April 23, 2007, the Department revoked the Stewarts' license to operate a day care in their home as a result of Mr. Stewart's marijuana use in the home in violation of department regulations. The Stewarts unsuccessfully appealed the Department's decision. On July 8, 2009, Ms. Stewart submitted a second application for a child care home license. After a background check, the Department denied this application because, among other reasons,[1] Ms. Stewart had a child care license revoked in 2007. The Department later disqualified her from working or volunteering in licensed child care. Ms. Stewart appealed the license application denial and personal disqualification to the Office of Administrative Hearings (OAH).

¶3 The Department successfully requested summary judgment. Ms. Stewart appealed OAH's decision to the Spokane County Superior Court. The court upheld the OAH decision, concluding the Department's enabling statute grants the Department authority to set up rules and regulations for licensing and the Department's decision was not arbitrary and capricious. Ms. Stewart appealed.

## ANALYSIS

### A. Rule-making Authority

¶4 The issue is whether WAČ 170-296-0450 was within the Department's rule-making authority. Ms. Stewart con-

---

[1] Those other reasons are (1) failure to submit an employment and education resumé and three references from persons not related to Ms. Stewart; (2) failure to submit proof of a negative Mantoux tuberculin test for the Stewarts; (3) failure to submit completed background check forms for the Stewarts; and (4) prior revocation of Mr. Stewart's child care license, as he was listed as living at the same address. At oral argument, Ms. Stewart's counsel noted none of the other reasons have been satisfied because Ms. Stewart believed such action would be futile.

tends the Department exceeded its authority by ruling an applicant who had a prior license revocation may not obtain a new license.

¶5 The Administrative Procedure Act, chapter 34.05 RCW, governs judicial review of agency orders in adjudicative proceedings. *Densley v. Dep't of Ret. Sys.*, 162 Wn.2d 210, 216, 173 P.3d 885 (2007). In reviewing an agency order, we may grant relief from the order if we determine (1) the order, or the statute or rule on which the order is based, is unconstitutional on its face or as applied; (2) the order is outside the agency's statutory authority or jurisdiction; (3) the agency has engaged in an unlawful procedure or decision-making process or failed to file a prescribed procedure; (4) the agency erroneously interpreted or applied the law; (5) the order is not supported by substantial evidence when viewed in light of the whole record before the court; (6) the agency has not decided all issues requiring resolution by the agency; (7) a motion for disqualification was made and improperly denied; (8) the order is inconsistent with an agency rule; or (9) the order is arbitrary or capricious. RCW 34.05.570(3). The party asserting the invalidity of the order has the burden of demonstrating the invalidity. RCW 34.05.570(1)(a). We sit in the same position as the superior court in reviewing an administrative decision. *Hardee v. Dep't of Soc. & Health Servs.*, 152 Wn. App. 48, 53-54, 215 P.3d 214 (2009).

¶6 Because we are reviewing OAH's summary judgment order, our review is de novo. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is appropriate only if "the written record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WAC 10-08-135.

¶7 A department's powers are limited to those powers "expressly granted or necessarily implied" from the department's enabling statute. *Anderson, Leech & Morse, Inc. v. Wash. State Liquor Control Bd.*, 89 Wn.2d 688, 694, 575 P.2d 221 (1978). A department rule is invalid if it

exceeds the department's authority. *Kabbae v. Dep't of Soc. & Health Servs.*, 144 Wn. App. 432, 439, 192 P.3d 903 (2008) (citing RCW 34.05.570(2)(c)). A rule exceeds the department's statutory authority when the department's enabling statute does not authorize the rule either "expressly or by necessary implication." *Id.* at 440. If a legislature grants a department administrator rule-making authority, courts will presume the administrator's rules to be valid so long as they are "'reasonably consistent with the statute being implemented.'" *Id.* at 439-40 (quoting *St. Francis Extended Health Care v. Dep't of Soc. & Health Servs.*, 115 Wn.2d 690, 702, 801 P.2d 212 (1990)). Courts will enforce the plain language of a statute when the legislature's intent is made clear in that language. *Id.* at 440 (citing *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)).

¶8 RCW 43.215.020 states the Department of Early Learning "is vested with all the powers and duties transferred to it under this chapter and such other powers and duties as may be authorized by law." The same statute lists the Department's duties, which include administering child care and early learning programs, standardizing licensing criteria, and making rules for the program of early learning. RCW 43.215.020. The enabling statute requires the Department's director to "adopt and publish minimum requirements for licensing." RCW 43.215.200(2).

¶9 WAC 170-296-0450(2)(a) states the Department "must" deny a license if the applicant has "been disqualified."

¶10 In *Kabbae*, the court held an agency's rule conflicted with the agency's enabling statute because the rule limited the powers of a review judge that had been expressly granted by the plain language of the agency's enabling statute. 144 Wn. App. at 442-43. The relevant statute stated, "[T]he review judge 'shall exercise all the decision-making power' the [administrative law judge (ALJ)] has to decide and enter the initial order." *Id.* at 442 (quoting RCW 34.05.464(4)). The agency rule limited the judge's powers by

stating that the review judge could add findings only if "they are 'essential' and 'consistent with the ALJ's findings.'" *Id.* at 443 (quoting WAC 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(2)(e)). The agency rule limited the powers granted to review judges by the legislature because ALJs have the power to enter their own findings of fact, but the agency rule prevented review judges from doing the same unless the review judge's findings of fact were essential and consistent with the ALJ's findings of fact. *Id.* at 442-43. The court held that the agency rule was invalid because it restricted the powers of a review judge when the plain language of the agency's enabling statute made it clear that the legislature intended a review judge to have the same powers as an ALJ. *Id.*

¶11 Unlike in *Kabbae*, the plain language of the Department's enabling statute plainly shows legislative intent for the Department to have rule-making authority over licensing procedures. WAC 170-296-0450 is a licensing procedure. Therefore, the legislature intended to grant the Department specific authority to enact WAC 170-296-0450.

¶12 Ms. Stewart next argues WAC 170-296-0450 is outside the Department's statutory authority because the regulation lists a condition necessary for the issuance of a license contrary to the language of the Department's enabling statute. Specifically, she points to the minimum standards discussed in RCW 43.215.205 and claims a prior revocation is not included in those standards. But, RCW 43.215.205 does not set out "minimum standards"; it sets out "minimum requirements" for the issuance of a license. The minimum requirements for licensing include "[t]he character, suitability, and competence of an agency and other persons associated with an agency directly responsible for the care of children." RCW 43.215.205(2). The plain language of the statute shows WAC 170-296-0450 follows the legislative intent. The enabling statute states that the legislature recognizes that early childhood development is critical to a child's success later in life, and that the purpose of the statute is to "safeguard and promote the health, safety, and well-being of children receiving child care and

early learning assistance, which is paramount over the right of any person to provide care." RCW 43.215.005(4)(c). Thus, WAC 170-296-0450 is directly related to the legislature's intent to protect children.

¶13 Based on the above, we conclude OAH properly granted the Department's request for summary judgment dismissal of Ms. Stewart's claim.

## B. Arbitrary and Capricious

¶14 The issue is whether the Department's actions were arbitrary and capricious by disqualifying Ms. Stewart based solely on her husband's use of marijuana in the prior revocation.

¶15 We review legal issues de novo, including whether a decision is arbitrary and capricious. *Wash. Indep. Tel. Ass'n v. Wash. Utils. & Transp. Comm'n*, 149 Wn.2d 17, 24, 65 P.3d 319 (2003). A decision is arbitrary and capricious if it is willful and unreasoning, and disregards or does not consider the facts and circumstances underlying the decision. *Alpha Kappa Lambda Fraternity v. Wash. State Univ.*, 152 Wn. App. 401, 421, 216 P.3d 451 (2009). A decision is not arbitrary or capricious if there is room for more than one opinion and the decision is based on honest and due consideration, even if this court disagrees with it. *Id.* at 421-22. Additionally, "the harshness of the sanctions imposed is not the test for arbitrary or capricious action." *Id.* at 421 (citing *Heinmiller v. Dep't of Health*, 127 Wn.2d 595, 609, 903 P.2d 433 (1995)).

¶16 WAC 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(7)(e) states, "The department may also disqualify an applicant if the applicant has other nonconviction background information that renders the applicant unsuitable . . . . Among the factors the department may consider are: . . . (e) [t]he applicant has a license or certification for the care of children . . . revoked." The Department followed its background check rules and based its decision to disqualify Ms. Stewart on facts and circumstances revealed by the background check and her licensing

history. Ms. Stewart's history includes a 2007 license revocation action. Moreover, the Department noted other reasons for denying Ms. Stewart's application, including failure to submit an employment and education resumé, three references from persons unrelated to Ms. Stewart, failure to submit a negative tuberculin test, and failure to complete background check forms. Thus, the Department's disqualification of Ms. Stewart was not arbitrary and capricious.

¶17 Affirmed.

SWEENEY and SIDDOWAY, JJ., concur.

Review denied at 172 Wn.2d 1021.