IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| ARTHUR DAVIS, an individual | ) | No. 76918-9-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| LAURA BLUMENSTEIN, and JEAN | ) | |
| DOE BLUMENSTEIN, spouses and the | ) | |
| marital community thereof, | ) | |
| | ) | |
| Respondents. | ) | FILED: January 14, 2019 |

SCHINDLER, J. — Subject to strict compliance with RCW 46.64.040, a plaintiff can serve the secretary of state with the summons and complaint against a defendant involved in an automobile collision. Arthur Davis appeals the decision to dismiss his lawsuit against Laura Blumenstein on the grounds that he did not comply with the statutory requirement to provide notice of service on the secretary of state by filing an affidavit certifying "plaintiff's attorney . . . has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her."[1] Because the undisputed record establishes the attorney knew but did not attempt to serve personal process on Blumenstein

---

[1] RCW 46.64.040.

at her address in Bend, Oregon and Blumenstein did not waive the right to assert the defense of improper service of process, we affirm dismissal of the lawsuit.

Lawsuit against Blumenstein

On November 15, 2013, Arthur Davis and Laura Blumenstein were involved in an automobile collision on Interstate 405 in Bellevue. The police collision report lists Blumenstein's address as 7423 Eaglefield Drive, Arlington, Washington 98223.

On November 2, 2016, Davis filed a personal injury lawsuit against Blumenstein in King County Superior Court. That same day, the attorney requested Elliott Point Legal serve the summons and complaint on Blumenstein at the Arlington address listed in the collision report.

On November 10, an Elliott Point Legal process server sent an e-mail to the attorney. The e-mail states the Arlington address is the "father's home and she doesn't live there any longer" but Blumenstein's father gave the process server the current address for his daughter: 708 NE Penn Avenue, Bend, Oregon. The e-mail asks the attorney whether the process server should take steps to serve Blumenstein in Oregon or serve the secretary of state:

> I can serve her via the Secretary of State since she is not a Washington resident, or I/you can find a process server to serve her personally in Oregon.
>
> Her father provided me with her home address as:
> 708 NE Penn Avenue
> Bend, Oregon 97701
>
> Since there is a deadline approaching on service for this case, please let me know how you'd like to proceed as soon as possible.

<u>Service on the Secretary of State</u>

On November 11, Elliott Point Legal sent a copy of the summons, complaint, and case schedule to the secretary of state.

On November 15, attorneys filed a notice of appearance on behalf of Blumenstein.

On December 6, Davis' attorney received a letter from the secretary of state acknowledging receipt of the summons and complaint in the lawsuit filed against Blumenstein. The letter states the secretary of state mailed the documents to the last known address "supplied by the plaintiff or his/her representative": 7423 Eaglefield Drive, Arlington, Washington.

> On DECEMBER 06, 2016, SUMMONS, COMPLAINT AND OTHER LEGAL documents in the action relating to: ARTHUR DAVIS (plaintiff) v LAURA BLUMENSTEIN AND JEAN DOE BLUMENSTIEN (defendant), Cause # 16 2 26779 3 SEA were received in the office of the Secretary of State. Said documents were placed on file and a duplicated copy was mailed via "Certified" mail, item number 91 7199 9991 7034 8898 6438 to the non-resident motorist at the last known address as supplied by the plaintiff or his/her representative.
>
> Name and address to which documents were mailed:
>
> THE MARITAL COMMUNITY OF
> LAURA BLUMENSTEIN AND
> JEAN DOE BLUMENSTEIN
> 7423 EAGLEFIELD DRIVE
> ARLINGTON WA  98223.

On January 9, 2017, Davis filed "Plaintiff's Declaration of Compliance with RCW 46.64.040." Davis states he was involved in an automobile collision on November 15, 2013 and "obtained a copy of the Police Traffic Collision report,

which listed the defendant's address." The declaration states his attorney attempted to serve Blumenstein at the Arlington address:

> On or about November 2, 2016, my attorney's office arranged for Elliot[t] Point Legal to serve the Summons, Complaint, and Case Information Cover Sheet, on Defendant Laura Blumenstein. Elliot[t] Point Legal attempted to serve Defendant at the addresses of 7423 Eaglefield Drive Arlington, WA 98223. Elliot[t] Point Legal left copies with the defendant's father and learned that the defendant had moved to Oregon.
> . . . My attorneys and Elliot[t] Point Legal then sent a copy of the service documents to the Secretary of State of Washington.

On January 26, Davis' attorney filed "Plaintiff's Attorney's Affidavit of Compliance with RCW 46.64.040." The Plaintiff's Attorney's Affidavit of Compliance states that after receiving the police collision report, the attorney "arranged for Elliot[t] Point Legal to serve" the summons and complaint on Blumenstein at the Arlington address listed in the report. The attorney states that when a process server attempted to serve Blumenstein at 7423 Eaglefield Drive, Arlington, Washington, "David Blumenstein indicated that his daughter is the Defendant, and that she now lives in Oregon and her address is 708 NE Penn Avenue, Bend, Oregon 97701." The affidavit states that on January 6, the attorney mailed the summons and complaint, the letter acknowledging receipt from the secretary of state, the plaintiff's affidavit of compliance, and Plaintiff's Attorney's Affidavit of Compliance to Blumenstein by certified mail to her "last known Washington address listed above in paragraph number four [7423 Eaglefield Drive, Arlington, WA 98223] and to their last known Oregon address listed in paragraph five [708 NE Penn Avenue, Bend, Oregon 97701]."

4

Summary Judgment Dismissal of Lawsuit

Blumenstein filed a motion for summary judgment dismissal of the lawsuit. Blumenstein argued Davis did not comply with the requirements for substitute service on the secretary of state and did not serve her within the statute of limitations.[2] Blumenstein asserted the undisputed record showed Davis' attorney knew but did not attempt personal service on Blumenstein at the known address in Oregon. Blumenstein submitted a declaration stating, "I moved to Bend, Oregon in January 2015, where I have lived ever since"; "I have never been served with the Summons and Complaint in this matter"; and "I never received the Summons and Complaint in this matter in the mail."

Davis asserted he complied with the requirements to serve the secretary of state because he attempted to serve Blumenstein in the state of Washington. In the alternative, Davis argued Blumenstein waived the right to assert the defense of insufficient service of process by "inconsistent" and "dilatory" conduct. Davis' attorney submitted the November 10, 2016 e-mail from the process server; November 30, 2016 interrogatories to Blumenstein; the December 6, 2016 letter from the secretary of state acknowledging receipt of legal documents filed in the lawsuit; a copy of the January 11, 2017 certified mail receipt for the documents sent to Blumenstein at 7423 Eaglefield Drive, Arlington, Washington 98223 and 708 NE Penn Avenue, Bend, Oregon 97701; and the return receipt of the documents sent to the Oregon address stating, "Return to Sender," "Unclaimed," and "Unable to Forward." The attorney also submitted

---

[2] Davis filed the complaint on November 2, 2016. RCW 4.16.170 tolls the statute of limitations for 90 days from the date of filing the complaint.

5

correspondence and e-mails regarding discovery and the transcript of the deposition of David Blumenstein. David Blumenstein testified he told the process server his daughter no longer lived at the Arlington, Washington address and gave the process server his daughter's current address in Bend, Oregon:

> A. . . . I told her that Laura did not live at our address and I actually gave her the address where she lived in Bend, Oregon.
> Q. Okay. And were you — at that time, did you know Laura's address by heart or did you have to look for it to —
> A. I — I looked it up in my phone.
> Q. Okay. Did you tell the Process Server that you would give the documents to Laura?
> A. I did not.

David Blumenstein said he told his daughter that "we had received the documents and we had turned them over to State Farm Insurance and they were handling the situation."

The court granted the motion for summary judgment and dismissed the lawsuit. The court ruled, "[T]he case law is very clear that statutes providing for substitute service must be strictly construed and the procedures adhered to." The court concluded Davis did not comply with the requirements of RCW 46.64.040 or properly serve Blumenstein within the statute of limitations. The court ruled the substitute service statute requires the attorney to file an affidavit of compliance stating the attorney has with due diligence attempted to serve personal process upon all addresses known to him. The court found the undisputed record established Davis knew but made "no attempt at personal service in Bend, Oregon." The court also ruled Blumenstein did not waive the defense of insufficient service of process. The court denied the motion for reconsideration.

6

Statutory Requirements for Service on Secretary of State

Davis contends the court erred in dismissing his lawsuit on summary judgment. Davis claims he complied with the statutory requirements for substitute service of process on the secretary of state. Davis asserts RCW 46.64.040 does not require him to attempt to serve personal process on Blumenstein at the known address in Bend, Oregon.

We review summary judgment de novo, engaging in the same inquiry as the trial court. Lunsford v. Saberhagen Holdings, Inc., 166 Wn.2d 264, 270, 208 P.3d 1092 (2009). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. CR 56(c); Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990); Loeffelholz v. Univ. of Wash., 175 Wn.2d 264, 271, 285 P.3d 854 (2012).

A prerequisite of obtaining jurisdiction is service of the summons and complaint. Heinzig v. Seok Hwang, 189 Wn. App. 304, 310, 354 P.3d 943 (2015). Whether service of process is proper is a question of law that we review de novo. Heinzig, 189 Wn. App. at 310.

The rights and privileges of drivers to use the state highways are the "equivalent to appointment of the Secretary of State by a nonresident . . . or a resident" involved in an automobile collision. Martin v. Meier, 111 Wn.2d 471, 476, 760 P.2d 925 (1988); RCW 46.64.040. RCW 46.64.040 states, "[S]uch service shall be sufficient and valid personal service upon said resident or nonresident." Under RCW 46.64.040, service of the summons and complaint on

the secretary of state "constitutes valid personal service over defendant." Meier, 111 Wn.2d at 476.

Because substitute service is in derogation of the common law, a plaintiff must strictly comply with the requirements of RCW 46.64.040 to obtain personal jurisdiction over a defendant. Meier, 111 Wn.2d at 479; Martin v. Triol, 121 Wn.2d 135, 144, 847 P.2d 471 (1993). Failure to adhere to the statutory requirements "renders service on the secretary a nullity." Heinzig, 189 Wn. App. at 312.

RCW 46.64.040 states:

The acceptance by a nonresident of the rights and privileges conferred by law in the use of the public highways of this state, as evidenced by his or her operation of a vehicle thereon, or the operation thereon of his or her vehicle with his or her consent, express or implied, shall be deemed equivalent to and construed to be an appointment by such nonresident of the secretary of state of the state of Washington to be his or her true and lawful attorney upon whom may be served all lawful summons and processes against him or her growing out of any accident, collision, or liability in which such nonresident may be involved while operating a vehicle upon the public highways, or while his or her vehicle is being operated thereon with his or her consent, express or implied, and such operation and acceptance shall be a signification of the nonresident's agreement that any summons or process against him or her which is so served shall be of the same legal force and validity as if served on the nonresident personally within the state of Washington. Likewise, each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state of the state of Washington, or at the secretary of state's office, and such service shall be sufficient and valid personal service upon said resident or nonresident: PROVIDED,

That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served. However, if process is forwarded by registered mail and defendant's endorsed receipt is received and entered as a part of the return of process then the foregoing affidavit of plaintiff's attorney need only show that the defendant received personal delivery by mail: PROVIDED FURTHER, That personal service outside of this state in accordance with the provisions of law relating to personal service of summons outside of this state shall relieve the plaintiff from mailing a copy of the summons or process by registered mail as hereinbefore provided. The secretary of state shall forthwith send one of such copies by mail, postage prepaid, addressed to the defendant at the defendant's address, if known to the secretary of state. The court in which the action is brought may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action. The fee paid by the plaintiff to the secretary of state shall be taxed as part of his or her costs if he or she prevails in the action. The secretary of state shall keep a record of all such summons and processes, which shall show the day of service.

We review the meaning of a statute de novo. Columbia Riverkeeper v. Port of Vancouver, 188 Wn.2d 421, 432, 395 P.3d 1031 (2017). When interpreting a statute, our fundamental objective is to ascertain, carry out, and give effect to the legislature's intent. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002); Chadwick Farms Owners Ass'n v. FHC, LLC, 166 Wn.2d 178, 186, 207 P.3d 1251 (2009). Statutory interpretation begins with the plain meaning of the statute. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). We consider the plain meaning of the statute as the expression of the intent of the legislature. Bostain

v. Food Express, Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007); City of Spokane v. Spokane County, 158 Wn.2d 661, 673, 146 P.3d 893 (2006); Campbell & Gwinn, 146 Wn.2d at 9-10. The court discerns plain meaning from "the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." Columbia Riverkeeper, 188 Wn.2d at 432. If the plain language of the statute is subject to only one interpretation, the court's inquiry is at an end. Lake, 169 Wn.2d at 526.

RCW 46.64.040 sets forth the mandatory steps a plaintiff must follow in order to comply with the requirements for substitute service on the secretary of state. The first section of RCW 46.64.040 authorizes substitute service of process on the secretary of state for nonresidents and for residents who "cannot, after a due and diligent search, be found in this state" within three years of the collision.

The second section of the statute sets forth the mandatory requirements for notice of substitute service on the secretary of state. "[N]otice to the defendant is essential for due process." Meier, 111 Wn.2d at 476. "[D]ue process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Meier, 111 Wn.2d at 477-78 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94

L. Ed. 865 (1950)). In Meier, the Washington Supreme Court held the statutory

notice requirements comply with due process:

> This statutory procedure is such that there is a reasonable probability that if plaintiff complies with the procedure, defendant will receive actual notice. Plaintiff necessarily has a last known address to which to send such notice, and has with due diligence attempted to serve defendant at all known addresses, but cannot locate and serve defendant. Key to the reasonableness of the notice is the requirement that plaintiff exercise such due diligence. The notice must be sent by registered mail. We conclude that mailed notice to defendant's last known address is notice reasonably calculated, under all the circumstances, to apprise defendant of the suit and give defendant an opportunity to present objections, as required by Mullane.

Meier, 111 Wn.2d at 478.

A plaintiff complies with the statutory requirement to provide notice to the

defendant of substitute service on the secretary of state in three different ways:

(1) sending notice of service on the secretary of state by registered mail, return

receipt requested, with copies of the summons and complaint, plaintiff's affidavit

of compliance, and an affidavit from the attorney stating that the attorney "has

with due diligence attempted to serve personal process upon the defendant at all

addresses known to him or her of defendant . . . listing . . . the addresses at

which he or she attempted to have process served"; (2) attaching a receipt

endorsed by the defendant to "show that the defendant received personal

delivery by mail"; or (3) personally serving the defendant "in accordance with the

provisions of law relating to personal service of summons outside of this state."

RCW 46.64.040; Meier, 111 Wn.2d at 476-77.

Here, Davis sent notice of substitute service on the secretary of state by

registered mail to Blumenstein at the Arlington, Washington address and the

Bend, Oregon address. But the undisputed record shows the attorney Affidavit of Compliance does not state that the attorney attempted personal service on Blumenstein at the Oregon address.

Davis contends RCW 46.64.040 does not require the attorney to attempt personal service of process at a known out-of-state address. Davis cites the language of the statute that authorizes substitute service on the secretary of state for a resident involved in an automobile collision who "cannot, after a due and diligent search, be found in this state" to argue the statute requires only attempted personal service at all known addresses of the defendant "in this state." RCW 46.64.040.[3] We disagree.

We must construe a statute " 'so that all the language used is given effect, with no portion rendered meaningless or superfluous.' " Rapid Settlements, Ltd. v. Symetra Life Ins. Co., 134 Wn. App. 329, 332, 139 P.3d 411 (2006)[4] (quoting Prison Legal News, Inc. v. Dep't of Corr., 154 Wn.2d 628, 644, 115 P.3d 316 (2005)). Unlike the requirements for substitute service on the secretary of state, the plain and unambiguous language of the notice requirements state the plaintiff's attorney must file an affidavit certifying "that the attorney has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served." RCW 46.64.040. This mandatory requirement is not limited to attempted

---

[3] Emphasis added.

[4] Internal quotation marks omitted.

personal service of process on a defendant "in this state." RCW 46.64.040.[5] The statute requires attempted personal service "at all addresses known" to the attorney. RCW 46.64.040. We assume that by using different language, the legislature meant to indicate a different meaning. Jongeward v. BNSF Ry., 174 Wn.2d 586, 612, 278 P.3d 157 (2012).

We hold the mandatory requirement that the plaintiff's attorney certify that the attorney with due diligence attempted to serve personal process on all known addresses is not limited to an attempt to serve in this state. When the plaintiff provides notice by certified mail, the statute requires the plaintiff's attorney submit an affidavit certifying that "with due diligence" the attorney attempted "to serve personal process upon the defendant at all addresses known to him or her of defendant." RCW 46.64.040. Where the attorney knows the out-of-state address of the defendant, the attorney must attempt to serve personal process on the defendant at the out-of-state address.

The undisputed record establishes Davis' attorney knew that Blumenstein had moved to 708 NE Penn Avenue, Bend, Oregon. The attorney made no attempt to serve Blumenstein at the address in Oregon. The attorney affidavit does not state that the attorney exercised due diligence in attempting to serve Blumenstein. The Plaintiff's Attorney's Affidavit of Compliance lists 7423 Eaglefield Drive, Arlington, Washington and 708 NE Penn Avenue, Bend, Oregon as known addresses of Blumenstein. But the affidavit states the only attempt at personal service was at the Arlington address. Because Davis did not comply

---

[5] Emphasis added.

with the statutory notice requirements for substitute service, the court did not err in dismissing the lawsuit against Blumenstein.[6]

Waiver of Service of Process Defense

In the alternative, Davis contends Blumenstein waived the right to assert the defense of insufficient service of process. Davis argues the record shows Blumenstein was dilatory and her conduct was inconsistent with the defense. The record does not support Davis' argument.

A defendant may waive the defense of insufficient service of process if " '(1) assertion of the defense is inconsistent with defendant's prior behavior or (2) the defendant has been dilatory in asserting the defense.' " Harvey v. Obermeit, 163 Wn. App. 311, 323, 261 P.3d 671 (2011) (quoting King v. Snohomish County, 146 Wn.2d 420, 424, 47 P.3d 563 (2002)). In order for the waiver doctrine to apply, the defendant's actions must have caused prejudice to the plaintiff. Heinzig, 189 Wn. App. at 314.

On November 2, 2016, Davis filed a lawsuit against Blumenstein in King County Superior Court. On November 15, attorneys representing Blumenstein filed a notice of appearance. The notice of appearance states, "Until instructed otherwise, you are hereby requested to direct all future communications" on the attorneys "except original service of process." On November 30, Blumenstein served interrogatories and requests for production. On December 5, Davis

---

[6] For the first time on appeal, Blumenstein cites Keithly v. Sanders, 170 Wn. App. 683, 285 P.3d 225 (2012), to also argue Davis did not comply with the statutory requirement to file the affidavit of Davis' attorney "forthwith." RCW 46.64.040. We do not consider arguments not raised below on summary judgment. RAP 9.12.

14

served Blumenstein's attorney with "Pattern Interrogatories." On December 15, Davis served requests for admissions.

On January 13, 2017, Blumenstein served answers to the requests for admissions. Blumenstein denied that Davis "accomplished proper service of process of the summons and complaint" on her. On March 14, Blumenstein filed an answer to the complaint. Blumenstein asserted as an affirmative defense improper service of process. In response to plaintiff's interrogatories, Blumenstein asserted objections, including:

> Defendant objects . . . on grounds that Plaintiff has failed to effect service of process upon Defendant and further that any service of process claimed to have been completed by Plaintiff is insufficient service of process. Defendant is also alleging this suit is barred by the statute of limitations, and that the Court lacks subject matter and personal jurisdiction to decide the matter on the merits due to the aforementioned lack of effective process and statute of limitations violation.

Davis argues Blumenstein's assertion of the defense was inconsistent with propounding interrogatories before filing the answer. The record does not support his argument.

The November 30 discovery requests Blumenstein propounded included an interrogatory regarding insufficient service of process. Interrogatory 28 states, "Defendants may allege they have not been properly served with Plaintiff's Complaint. Please set forth in [sic] describe in detail how YOU contend Plaintiff's Complaint was served on Defendants."

Davis also claims Blumenstein waived the right to assert the defense by the "failure to sign for the mailed complaint." Davis asserts Blumenstein

15

"refused" to sign for the mailed copy of the summons and complaint.[7] But the record shows the documents were returned as "unclaimed." Further, in her unrebutted declaration, Blumenstein states, "I never received the Summons and Complaint in this matter in the mail. I check my mail on a regular basis and would know if it had arrived prior to the date of my signature below. It has not." Blumenstein's conduct was not inconsistent with a defendant who intends to assert insufficient service of process.

Davis contends Blumenstein was dilatory in asserting the defense because she did not timely answer interrogatories. Davis served "Plaintiff[']s Pattern Interrogatories to Defendant Laura Blumenstein" on December 5, 2016. On December 15, Davis served requests for admissions on Blumenstein. Request for admission 1 states, "Plaintiff accomplished proper service of process of the summons and complaint in this action upon this defendant." On January 13, 2017, Blumenstein responded to the requests for admissions and expressly denied that Davis properly served process. Blumenstein filed the response within 30 days after service of the requests as required by CR 36(a) and 18 days before the end of the 90-day period for service. Blumenstein's attorney also addressed discovery in a March 13, 2017 e-mail to Davis' attorney. The e-mail states:

> It would not be reasonable or proper to put you or your client
> through the time and expense of litigating this case on the merits

---

[7] In the reply brief, Davis argues that because the record contains proof of mailing, Blumenstein received the documents. See Kaiser Alum. & Chem. Corp. v. Dep't of Labor & Indus., 57 Wn. App. 886, 889, 790 P.2d 1254 (1990). We do not consider arguments raised for the first time in a reply brief. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). In any event, the case law Davis cites is inapposite. RCW 46.64.040 requires an "endorsed receipt" to show defendant received personal delivery by mail.

when our position is that this case is barred by the statute of limitations by virtue of lack of proper service of process within the applicable limitations period and the statutory 90-day tolling period.

In a March 23 e-mail, Davis' attorney stated, "I will not use getting the answers to limited questions I'm hounding you about to claim waiver of the service issue." On March 31, Blumenstein filed answers to Davis' interrogatories. The first page specifically states, in pertinent part:

> **NOTICE OF NON-WAIVER: Defendant does not waive any of rights, reservations, or defenses, including but not limited to the affirmative defenses asserted in this matter. Defendant is specifically alleging that the Plaintiff has failed to effect service of process upon Defendant and further that any service of process claimed to have been completed by Plaintiff is insufficient service of process.**[8]

We conclude Blumenstein did not waive the right to assert the defense of insufficient service of process.

We affirm summary judgment dismissal of the lawsuit.[9]

WE CONCUR:

---

[8] Boldface in original.

[9] As the substantially prevailing party on appeal, Blumenstein is entitled to an award of costs under RAP 14.2.

17