# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KELLI LINVILLE , <br><br> Respondent, <br><br> v. <br><br> STATE OF WASHINGTON, DEPARTMENT OF RETIREMENT SYSTEMS, <br><br> Appellant. | DIVISION ONE <br><br> No. 78582-6-I <br><br> PUBLISHED OPINION <br><br><br> FILED:  December 2, 2019 |

DWYER, J. — This is a case about a public employee's retirement benefits. Kelli Linville has been a member of the state's Teachers Retirement System (TRS), which is administered by the Department of Retirement Systems (DRS), since 1976.  Although she served in public service positions that afforded her the opportunity to enroll in the Public Employees Retirement System (PERS), she remained in TRS until becoming eligible to retire.  However, she did not then retire but, rather, assumed another PERS-eligible position.

At this point, her application to join PERS was rejected pursuant to a statute, RCW 41.04.270, that estops individuals from joining a new DRS-administered system if they are eligible to retire from one to which they already belong.  Following an unsuccessful administrative appeal to DRS, Linville sought review in superior court, resulting in that court's reversal of the DRS decision. DRS now appeals, contending that the superior court incorrectly interpreted the

pertinent statutes. We agree, reverse the superior court's order, and reinstate the decision of the agency.

I

DRS administers Washington's state employee retirement programs, including TRS and PERS. RCW 41.50.030. Kelli Linville became an employee of the Bellingham School District in 1976 and, at that time, enrolled as a member of TRS Plan 1. In 1992, Linville won election to the Washington House of Representatives, a PERS-eligible position. Following the commencement of her first term in 1993, she opted to continue accruing TRS service credits through her legislative service rather than enroll in a PERS plan.[1] Linville opted to remain in TRS throughout her time in the legislature. She left the legislature after losing a reelection campaign in 2010.[2]

At the time she left the legislature, Linville had accrued sufficient service credits to retire, having 30.83 years of TRS service credits. Although Linville ceased contributing to TRS at this time, she did not retire. Instead, she was elected as Bellingham's mayor in 2011. She began her first mayoral term on January 1, 2012, and is currently serving her second term. The mayor's job is PERS-eligible; however, because Linville had already accrued sufficient TRS service credits to qualify for a retirement allowance, she was denied PERS membership.

---

[1] Civil service employees who are "elected or appointed to an elective office" may choose to become PERS members or may maintain membership in the retirement system to which they already belong. RCW 41.04.120. Had Linville opted to join PERS in 1993, she would have been allowed to do so, thus becoming a "dual member." RCW 41.54.010(4).

[2] Linville had lost reelection in 1994 and left office at the conclusion of her first term. Shortly thereafter, she was appointed to fill a vacant seat for the same district beginning on December 12, 1995. She won each of her subsequent reelection bids until 2010.

In denying her application, DRS cited to RCW 41.04.270(1)(b), which precludes members of one DRS system from joining a second system once they become eligible to receive retirement benefits through the system to which they belong.[3]

Linville met the criteria for application of this statute, having accumulated sufficient TRS credits to qualify for a retirement allowance. DRS also determined that Linville did not meet the definition of "dual member" as that term is used in RCW 41.04.270(2). DRS maintained that the estoppel statute exists to prevent "double-dipping," or the practice of receiving benefits from more than one state retirement system. DRS maintained that the dual member exception exists to benefit individuals who have contributed to one system, *without* reaching retirement eligibility, allowing such employees to join and accrue benefits in a second system should they change jobs in mid-career. Linville's administrative appeal to DRS's petitions examiner was unsuccessful, and she sought judicial review in the Whatcom County Superior Court.

The superior court reversed DRS's decision on the basis that DRS erroneously interpreted the law. Regarding the interplay of the estoppel statute and the exception thereto, the court did "not see where in the legislation, or the legislative history, [the exception] was intended to exclude those who could retire but chose not to do so," and opined that "[i]f Linville did not qualify, the Court fails to see any employee who would, thus making the exception useless." The superior court ordered DRS to enroll Linville in PERS. DRS appeals.

---

[3] We hereafter refer to RCW 41.04.270 as the "estoppel statute."

3

II

Linville avers that DRS incorrectly interpreted and applied the pertinent statutes, RCW 41.04.270 and RCW 41.54.010(4), to conclude that she did not meet the definition of "dual member" contained in the latter statute. Linville essentially argues that persons may never be estopped from joining a second DRS system on the basis that they are eligible to collect a retirement allowance from one to which they already belong. For its part, DRS correctly asserts that such a reading of the statute broadens the dual member exception beyond anything that the legislature could have intended.

Washington's Administrative Procedure Act (APA), chapter 34 RCW, establishes the exclusive means for obtaining judicial review of an agency action. RCW 34.05.010. The party challenging a final agency order bears the burden of demonstrating that it should be overturned. RCW 34.05.570(1)(a). We review the order based on the agency record, sitting in the same position as the superior court, and do not defer to the superior court ruling. Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n, 123 Wn.2d 621, 633, 869 P.2d 1034 (1994).

Familiar principles guide our analysis. RCW 34.05.570(3)(d), which allows for relief when "[t]he agency has erroneously interpreted or applied the law," is the basis for Linville's first challenge to the DRS order. When an agency order is challenged on the basis of an error of law, we review the order de novo, but give substantial weight to an agency's interpretation of the law within its area of expertise. Verizon Nw., Inc. v. Emp't Sec. Dep't, 164 Wn.2d 909, 915-16, 194 P.3d 255 (2008).

In interpreting a statute, the "'fundamental objective is to ascertain and carry out the Legislature's intent.'" Citizens All. for Prop. Rights Legal Fund v. San Juan County, 184 Wn.2d 428, 435, 359 P.3d 753 (2015) (quoting Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). "'[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" Citizens All., 184 Wn.2d at 435 (alteration in original) (quoting Campbell & Gwinn, 146 Wn.2d at 9-10). In determining the plain meaning of a statute, we consider "the ordinary meaning of words, the basic rules of grammar, and the statutory context to conclude what the legislature has provided for in the statute and related statutes." In re Forfeiture of One 1970 Chevrolet Chevelle, 166 Wn.2d 834, 839, 215 P.3d 166 (2009). In so doing, we "construe a statute 'so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" Seattle City Light v. Swanson, 193 Wn. App. 795, 810, 373 P.3d 342 (2016) (internal quotation marks omitted) (quoting Rapid Settlements, Ltd. v. Symetra Life Ins. Co. 134 Wn. App. 329, 332, 139 P.3d 411 (2006)). "Common sense informs our analysis, as we avoid absurd results in statutory interpretation." State v. Alvarado, 164 Wn.2d 556, 562, 192 P.3d 345 (2008).

The parties do not dispute that RCW 41.04.270 bars employees who are enrolled in one DRS system, and are eligible to retire from that system, from enrolling and accruing benefits in a second system. Its language provides:

> (1) Except as provided [elsewhere], on and after March 19, 1976, any member or former member who (a) receives a retirement allowance earned by the former member as deferred compensation from any public retirement system authorized by the general laws of

5

this state, or (b) is eligible to receive a retirement allowance from any public retirement system listed in RCW 41.50.030, but chooses not to apply, or (c) is the beneficiary of a disability allowance from any public retirement system listed in RCW 41.50.030 shall be estopped from becoming a member of or accruing any contractual rights whatsoever in any other public retirement system listed in RCW 41.50.030: PROVIDED, That (a) and (b) of this subsection shall not apply to persons who have accumulated less than fifteen years service credit in any such system.

(2) Nothing in this section is intended to apply to any retirement system except those listed in RCW 41.50.030 and the city employee retirement systems for Seattle, Tacoma, and Spokane. Subsection (1)(b) of this section does not apply to a dual member as defined in RCW 41.54.010.

RCW 41.04.270.

As the language of the statute shows, there are two major exceptions to estoppel: one for employees who have accumulated less than 15 years' service credit in a state retirement system and one for dual members. The dispute herein concerns only the applicability of the exception for "dual members" contained in RCW 41.04.270(2). That exception provides that estoppel does not apply when an employee is a "dual member," defined as follows:

(4) "Dual member" means a person who (a) is or becomes a member of a system on or after July 1, 1988, (b) has been a member of one or more other systems, and (c) has never been retired for service from a retirement system and is not receiving a disability retirement or disability leave benefit from any retirement system listed in RCW 41.50.030 or subsection (6) of this section.

RCW 41.54.010(4).

Thus, read together with the exception in RCW 41.04.270(2), the legislature allowed for dual enrollment in some circumstances in which an employee moves from one public job to another. Dual members are afforded the ability to combine service credits from multiple systems for the purpose of

6

determining retirement eligibility and, once eligible to retire, to retire from all systems in which they are members and use their base salary from any system as the compensation used to calculate their retirement allowance. RCW 41.54.030. However, dual members remain expressly prohibited from "double-dipping" by RCW 41.54.020(1), which states:

> (1) Those persons who are dual members on or after July 1, 1988, shall not receive a retirement benefit from any prior system while dual members without the loss of all benefits under this chapter. Retroactive retirement in any prior system will cancel membership in any subsequent systems except as allowed under RCW 41.04.270 and will result in the refund of all employee and employer contributions made to such systems.

DRS maintains that Linville does not meet the definition of a dual member due to the requirement of RCW 41.54.010(4)(b). While she was a member of a system—TRS—on July 1, 1988, per subsection (a) of that statute, and while she has never been retired for service from a retirement system and is not receiving any disability retirement or disability leave benefit, per subsection (c), she has never been a member of any other system as required by subsection (b). Pursuant to DRS's reading of the statute, because Linville was a member of only one system prior to commencing service in her current PERS-eligible position, she cannot satisfy subsection (4)(b), and thus does not meet the definition of a dual member.

Linville's reading of the definitional statute, on the other hand, would enable an unretired member of one system to choose to become a dual member, *at any time*, by participating in another retirement system, regardless of retirement eligibility. Linville seeks to use her current membership in TRS to

7

satisfy RCW 41.54.010(4)(b) and then meet subsection (4)(a)'s requirement by becoming a member of PERS—thereby avoiding estoppel of membership in a second retirement system by becoming a member of a second retirement system. This interpretation was adopted by the superior court, essentially replacing RCW 41.54.010(4)(a)'s requirement that a dual member "is or becomes a member" of a new system with the words "is, becomes, or applies to become a member." But we do not see any evidence in the plain language of the statute that the legislature intended this to be the case.[4] Without a rewriting of the statute, the result favored by the superior court cannot be obtained.

Having established that Linville does not qualify for an exception to the estoppel statute, we are left to apply that statute as it is written. Linville is a member of a retirement system and is eligible to receive a retirement allowance from that system. When Linville attained TRS retirement eligibility, she was not a member of any other retirement system. She was still not a member of any other system at the time she began serving in her current PERS-eligible position. The determination of dual membership status is made at the time an individual applies for membership in a new retirement system, not *after* entry into that system. Although eligible to receive a TRS retirement benefit, Linville was not a dual member at the time she applied for PERS membership. The exception does

---

[4] Linville goes on to argue that DRS has read the definition of "dual member" too narrowly, improperly defeating that which she asserts to be the purpose of the dual member exception—to make it easier for anyone to enroll in two systems. The legislative history to which Linville cites does not support her assertion of this legislative purpose. Instead, it stands for two propositions: first, that dual members are defined as *already* being members of two systems at the time they seek to avail themselves of the dual member exception, and second, that the exception was intended to allow "transfer of service from one state retirement system to another *under limited criteria*." See FINAL B. REP. ON SUBSTITUTE S.B. 5150, 50th Leg., Reg. Sess. (Wash. 1987) (emphasis added).

not apply to her. Because she is eligible to receive a TRS retirement benefit, she is estopped from becoming a member of, or accruing any contractual rights in, PERS. DRS was correct in this determination.

III

The APA also provides that an agency decision may be overturned when it "is inconsistent with a rule of the agency unless the agency explains the inconsistency by stating facts and reasons to demonstrate a rational basis for inconsistency." RCW 34.05.570(3)(h). Linville asserts that DRS has manifested multiple interpretations of the statute through its regulations, which she contends conflict with the statute and with each other. We disagree.

The first regulation she points to in support of this argument, WAC 415-113-041, clarifies when a person meets the definition of a dual member. Titled "Am I a dual member?," it gives three criteria for dual membership that mirror the requirements of RCW 41.54.010(4):

> (1) **You must be a participating member of a dual member system.** You must be a current member participant in at least one of the systems listed in WAC 415-113-030 to be a dual member. You may have established dual member status if you are or were a member participant in one of those systems on or after:
> (a) July 1, 1988, for current or former members of all plans of PERS, SERS, TRS, SCERS or WSPRS;
> . . .
> (2) **You must also be a former or current member of at least one other system listed in WAC 415-113-030.**
> (3) **You must not have been retired for service from a retirement system.** You are not a dual member if you have ever been retired for service from any retirement system administered by the department of retirement systems or a first class city retirement system.

WAC 415-113-041.

Linville's assertion that this regulation conflicts with the statute is premised entirely on the omission of the phrase "becomes a member" in WAC 415-113-041(1), although it is present in RCW 41.54.010(4). This assertion is not well taken. Someone who "becomes a member" at any time after a specified cutoff date (here July 1, 1988) clearly falls within the purview of WAC 415-113-041(1). There is no conflict with the statute.

As her next averment of purported inconsistency in DRS's interpretation, Linville points to WAC 415-108-725, titled "If I have retired from another retirement system or am eligible to retire, am I excluded from participating in PERS?" This regulation was recently amended to effect a distinction in eligibility between employees taking "normal," as opposed to "early," retirement benefits. Linville asserts that the amendment shows that "[DRS]'s definition of dual membership hinges on the value of the pension, not the status of the employee." To the contrary, the amendment clarifies that RCW 41.04.270(1)(b) applies only to those persons eligible to receive a retirement allowance pursuant to what is referenced as "normal retirement," as opposed to "early retirement." The latter term entails retiring before reaching the age or acquiring the quantity of service credits necessary to receive full benefits under the statutory requirements for "normal" retirement.

The reason for this amendment is that the option of early retirement did not exist at the time of the estoppel statute's enactment, and it cannot be read to evince a fundamental change to the rule that dual membership eligibility hinges on the employee's status. The code provision is a proper interpretation of RCW

41.04.270(1)(b), in light of changes elsewhere in the statutory scheme, and is consistent with that statute's language and purpose.

In both of these instances, there is no manifest inconsistency in DRS's interpretation of the pertinent statutes. Thus, Linville's challenge fails.

IV

Linville also contends that DRS's decision to deny her enrollment was arbitrary and capricious. This contention is meritless, as DRS's decision followed the letter and intent of the statutes at issue.

Again, we review issues of law de novo, including whether an agency's decision is arbitrary and capricious. Stewart v. Dep't of Soc. & Health Servs., 162 Wn. App. 266, 273, 252 P.3d 920 (2011) (citing Wash. Indep. Tel. Ass'n v. Wash. Utils. & Transp. Comm'n, 149 Wn.2d 17, 24, 65 P.3d 319 (2003)).

Pursuant to RCW 34.05.570(3)(i), a petitioner may challenge an agency's order on the ground that the order is arbitrary or capricious.

> "'Arbitrary and capricious'" refers to "'willful and unreasoning action, taken without regard to or consideration of the facts and circumstances surrounding the action. Where there is room for two opinions, an action taken after due consideration is not arbitrary and capricious even though a reviewing court may believe it to be erroneous.'"

Pub. Util. Dist. No. 2 of Pac. County v. Comcast of Wash. IV, Inc., 184 Wn. App. 24, 45, 336 P.3d 65 (2014) (internal quotation marks omitted) (quoting Lane v. Port of Seattle, 178 Wn. App. 110, 126, 316 P.3d 1070 (2013)).

DRS did not act arbitrarily or capriciously but, rather, applied the statutes by which it is bound to the facts of Linville's application. The parties do not dispute that, without more, RCW 41.04.270(1)(b) estops Linville from attaining

PERS membership due to her eligibility to receive a retirement allowance from another system. DRS considered whether Linville met the dual member exception and, relying on the plain language of the pertinent statute, properly concluded that she did not.[5]

V

To many, the DRS order may seem harsh. Harsher still may appear our decision. But DRS was correct in its determination. Any ameliorative action must come from the legislature.

The superior court's judgment is reversed. The order of the Department of Retirement Systems must be reinstated.

_Dwyer, J._

WE CONCUR:

_Chun, J._

_Smith, J._

---

[5] Had Linville joined PERS upon becoming a state representative in 1993, she would have become a dual member. At that time, she was not eligible to retire from TRS, and thus would not have been estopped from joining PERS. She elected not to do so.