IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| 623 MAIN STREET ASSOCIATION, a Washington non-profit corporation, | ) ) ) | No. 79363-2-I |
| Respondent, | ) ) ) | |
| v. | ) ) | DIVISION ONE |
| JOHN PHILLIP HALL, as Trustee of JPH Family Trust, a trust; JOHN PHILLIP HALL and JANE DOE HALL, husband and wife or state registered domestic partners; | ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellants, | ) ) ) | |
| JOHN DOE, as Trustee of JPH Family Trust, a trust; DIANE E. VAN NATTER a/k/a DIANE ELIZABETH HALL and JOHN DOE VAN NATTER, wife and husband or state registered domestic partners; HALL & SONS, a Washington partnership; JANE DOE and JOHN DOE, unknown occupants of the subject real property; K. MICHAEL FITZGERALD, solely in his capacity as Chapter 13 Bankruptcy Trustee; and also all other persons and parties unknown claiming any right, title, estate, lien, or interest in the real estate described in the Complaint herein, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | FILED: November 4, 2019 |

SMITH, J. — We are asked to determine whether a judgment entered

against appellant John Phillip Hall (both individually and in his capacity as trustee

of the JPH Family Trust) should be reversed for insufficient service of process. Because the plaintiff, 623 Main Street Association, exercised reasonable diligence before serving Hall by publication, we affirm.

FACTS

623 Main Street Association is a condominium association organized for the operation of the 623 Main Street Condominium. On July 3, 2017, the Association sued to foreclose its lien on Unit 3 of the Condominium (the Unit). In its complaint, the Association alleged that defendant Hall, as trustee of the JPH Family Trust, was an owner of the Unit and had failed to pay delinquent assessments levied against the Trust and the Unit. The Association's complaint also named a number of additional defendants, including Hall in his individual capacity, as parties who "may claim a lien against the Unit."

On September 21, 2017, Hall, as trustee of the Trust, quit-claimed the Unit to Hall, the individual. That same day, Hall filed bankruptcy. In January 2018, the Association obtained an order from the bankruptcy court granting it relief from the bankruptcy stay to pursue its lien foreclosure on the Unit.

On March 26, 2018, the Association filed an amended complaint. Eight days later, on April 3, 2018, the Association moved for an order authorizing service by publication on certain defendants, including Hall. In support of its motion, the Association filed a declaration from a process server describing attempts to serve the summons and original complaint the prior summer. The process server declared that service was attempted at the Unit on Hall and other defendants on five occasions in July 2017, and again on August 3, 2017:

2

> [O]n the 16th day of July, 2017, @ 5:25 PM, at the address of: 623 Main St., Unit 3, Edmonds, Wa 98020, within Snohomish County, I attempted to serve: A Summons and Complaint for Foreclosure and Lis Pendens, in the above entitled action upon: John Phillip Hall, as Trustee of JPH Family Trust, John Doe as Trustee, John Phillip Hall and Jane Doe Hall, Hall & Sons and John Doe and Jane Doe Occupants. There was no answer at the unit. Subsequent attempts were made on 7/20/17, 7/21/17, 7/23/17, and 7/26/17. There was no answer at the Unit on each additional attempt. Neighbor stated that occupants refuse to answer the door for anyone. A Stakeout was completed on 8/3/17 from 6:30 am-9:30 am. No[ ]one came or went from the unit. Neighbor again stated that they do not associate with occupants of Unit 3 and again stated that they open the door for No[ ]one.

The Association also filed a declaration from its attorney's paralegal. The paralegal declared that she had e-mailed three attorneys who had represented Hall to ask if they would accept service for Hall, but had received no response.

A commissioner granted the Association's motion and entered an order authorizing the Association to serve certain defendants, including Hall, by publication "in the manner provided under RCW 4.28.100 and RCW 4.28.110." It is undisputed that a summons was subsequently published for a period of six consecutive weeks beginning May 2, 2018, in the form and manner required by statute. It is also undisputed that copies of the summons and amended complaint were mailed to Hall at multiple addresses, including at the Unit. Hall later declared that he received notice of the Association's lawsuit "by mail in approximately late April or early May of 2018."

On June 22, 2018, attorney James Jameson appeared on behalf of Hall and the Trust. On July 23, 2018, the Association moved for an order of default against certain defendants, including Hall. The trial court granted the motion and entered an order of default on August 1, 2018.

3

Meanwhile, on July 25, 2018, i.e., well after the close of the 60-day period to serve an answer following service by publication,[1] Hall filed an answer to the Association's amended complaint on his own behalf and as trustee of the Trust. Hall raised a number of affirmative defenses, including "[l]ack of service of process."

On November 1, 2018, the Association moved for summary judgment. It argued, among other things, that it was entitled to a judgment in personam against Hall, a judgment in rem against the Unit, and a judgment and decree of foreclosure of the Association's lien as against any interest of Hall and the Trust. In its motion, the Association addressed the affirmative defenses raised by Hall, including by asserting that Hall was properly served by publication.

Hall filed a response to the Association's motion on his own behalf and as trustee of the Trust. In his response, Hall argued that the Association's motion should be denied because he and the Trust had not been properly served. Hall also filed a declaration in which he attested that in July and early August 2017 (i.e., during the time that the Association attempted to serve him at the Unit), he was in California visiting his children and grandchildren. Hall did not otherwise dispute the merits of the Association's motion.

The trial court granted the Association's motion for summary judgment and entered a judgment and decree of foreclosure in favor of the Association. Hall appeals.

---

[1] See CR 12(a)(2).

ANALYSIS

*Service of Process*

Hall argues that the Association failed to exercise reasonable diligence before serving him by publication. Thus, Hall argues, reversal is required because he was not properly served, and consequently the trial court lacked jurisdiction to enter judgment against him. We disagree.

We review summary judgment orders de novo. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate when, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Keck, 184 Wn.2d at 370. Once the moving party shows that there are no genuine issues of material fact, the nonmoving party must bring forth specific facts to rebut the moving party's contentions. Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 169, 273 P.3d 965 (2012).

"Proper service of the summons and complaint is a prerequisite to any court's obtaining [personal] jurisdiction over a party, and a judgment entered without jurisdiction is void." In re Dependency of A.G., 93 Wn. App. 268, 276, 968 P.2d 424 (1998). Although personal service of a summons is preferred, service by publication is authorized in certain circumstances. Specifically, under RCW 4.28.100, the statute governing service by publication, a defendant may be served with a summons by publication if he cannot be found in the state and certain other requirements are met. As relevant here, service may be made by

publication "[w]hen the subject of the action is real . . . property in this state, and the defendant has or claims a lien or interest . . . therein" and "[w]hen the action is to foreclose, satisfy, or redeem from a mortgage, or to enforce a lien of any kind on real estate in the county where the action is brought, or satisfy or redeem from the same." RCW 4.28.100(6), (7).

"Service by publication is in derogation of the common law and cannot be used when personal service is possible." Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997). "Therefore, strict compliance with the statute authorizing service by publication is required." Dobbins, 88 Wn. App. at 871. To comply with the statute, the plaintiff must exercise reasonable diligence to personally serve the defendant before resorting to service by publication. See Rodriguez v. James-Jackson, 127 Wn. App. 139, 143-44, 111 P.3d 271 (2005) ("The issue before this court is not only whether the affidavit required by RCW 4.28.100 is sufficient, but whether the plaintiff made an honest and reasonable effort to locate the defendant before seeking service by publication."). "Whether service of process is proper is a question of law that we review de novo." Davis v. Blumenstein, 7 Wn. App. 2d 103, 111, 432 P.3d 1251 (2019).

Here, the Association exercised reasonable diligence before resorting to service by publication. Specifically, it is undisputed that Hall resides at the Unit. The Association attempted to serve him there on five separate occasions in July 2017. When those attempts were unsuccessful, the Association followed up with a three-hour stakeout at the Unit the morning of August 3, 2017. The Association also searched the Snohomish County Auditor's records and county tax records

for additional addresses and, through counsel, attested that it did not know of any other addresses for Hall. The Association's multiple attempts to serve Hall at his undisputed residence constituted reasonable diligence. Cf. Davis, 7 Wn. App. 2d at 116 (holding that attorney failed to exercise reasonable diligence where no attempt was made to serve defendant at a known address).

Hall points out that eight months passed between the time that the Association attempted service and the time that it sought an order authorizing service by publication. He suggests that the Association was required to attempt to serve him again due to the passage of time and because the Association amended its complaint. But Hall cites no authority to support the proposition that the passage of time or the amendment of the complaint necessitates additional service attempts. See DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court . . . may assume that counsel, after diligent search, has found none.").

Furthermore, the Association did not simply attempt service in 2017 and then sit on its hands for eight months before amending its complaint and serving Hall by publication. Rather, during the intervening period, Hall filed for bankruptcy, thus staying the commencement or continuation of any proceedings against him. 11 U.S.C. § 362(a)(1). The Association then actively participated in Hall's bankruptcy proceeding, including by objecting to confirmation, seeking adequate protection, and moving for and obtaining relief from stay. After the Association obtained relief from the automatic stay, it amended its complaint merely to add the bankruptcy trustee as a party in interest, to reflect that the Unit

had been quit-claimed to Hall, and to address the anticipated discharge that Hall would receive as a result of his bankruptcy.[2] The Association also reached out to other attorneys that had represented Hall to ask if they would accept service. After it received no response, it resorted to service by publication. Under these circumstances, neither the passage of time nor the Association's amendment of its complaint negate our conclusion that the Association exercised reasonable diligence. Therefore, and because lack of service was the only argument that Hall raised in response to the Association's motion for summary judgment, the trial court did not err in granting summary judgment to the Association.

Hall raises a number of additional arguments to contend that service of process was lacking here. None are persuasive.

First, Hall relies on Charboneau Excavating, Inc. v. Turnipseed, 118 Wn. App. 358, 75 P.3d 1011 (2003), to argue that the Association failed to exercise reasonable diligence before serving him by publication. But Charboneau is readily distinguishable. There, the plaintiff tried to serve the defendant at an address that turned out to be incorrect, then failed to follow up on known leads that would have revealed the defendant's correct address. Charboneau, 118 Wn. App. at 363. Here, by contrast, it is undisputed that Hall resided at the Unit. And although Hall attested in a self-serving and otherwise unsupported declaration that he was in California when the Association attempted to serve him at the Unit, there is no evidence that the Association knew or should have known that Hall was traveling. In other words, the fact that Hall was in California

_____

[2] The bankruptcy trustee was later dismissed.

8

does not raise a genuine issue of material fact as to whether the Association exercised reasonable diligence in serving Hall. Therefore, Hall's reliance on Charboneau is misplaced.

Second, Hall contends that the process server's affidavit contained hearsay to the extent that it relayed what a neighbor told the process server, i.e., that the occupants of the Unit "refuse to answer the door for anyone" and "they open the door for No[ ]one." But the Association's multiple attempts to serve Hall at his residence were sufficiently diligent under the circumstances, even without considering the neighbor's statements. Indeed, the Association did not merely take the neighbor at his or her word but followed up with multiple additional service attempts. Therefore, we do not address Hall's contention that those statements constituted inadmissible hearsay. See Bavand v. OneWest Bank, 196 Wn. App. 813, 825, 385 P.3d 233 (2016) ("We may affirm on any basis supported by the record.").

Finally, Hall points out that although the process server's declaration was signed on July 19, 2017, it describes service attempts made on July 16, 20, 21, and 26, and on August 3, 2017. Thus, argues Hall, the only competent evidence of attempted service in this case was evidence of the first attempt, on July 16. But the attorney fee statements filed in support of the Association's motion for summary judgment reflect that the Association's attorney reviewed server reports on July 31, 2017, and again on August 9, 2017. They also indicate that the Association's attorney did not receive the process server's declaration until August 9, 2017, i.e., after the final alleged service attempt on August 3, 2017.

For these reasons, we are satisfied that the Association met its burden to establish the absence of an issue of fact as to the dates on which service was attempted.

### Fees on Appeal

The Association argues that it is entitled to an award of attorney fees under RAP 18.1. We agree.

Attorney fees may be awarded on appeal only when authorized by a contract, a statute, or a recognized ground of equity. Labriola v. Pollard Grp., Inc., 152 Wn.2d 828, 839, 100 P.3d 791 (2004). Here, RCW 64.34.364(14) provides:

> The association shall be entitled to recover any costs and reasonable attorneys' fees incurred in connection with the collection of delinquent assessments, whether or not such collection activities result in suit being commenced or prosecuted to judgment. *In addition, the association shall be entitled to recover costs and reasonable attorneys' fees if it prevails on appeal and in the enforcement of a judgment.*

(Emphasis added.) The recorded declaration for the 623 Main Street Condominium also contains an attorney fees provision that parallels the language of the statute. Thus, the Association is entitled to a fee award because this appeal arises in connection with the Association's collection of delinquent assessments and the Association is the prevailing party on appeal. Indeed, Hall does not argue otherwise. Therefore, we award the Association its reasonable attorney fees subject to its compliance with RAP 18.1.

10

We affirm.

_Smith, J._

WE CONCUR:

_Dwyer, J._     _Appelwick, C.J._